**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JOSH LOVATO,**

    **Plaintiff,**

                                                                         **No. 1:23-cv-00264-LF-GJF**

**v.**

**THE CITY OF ALBUQUERQUE,
APD OFFICER H. MARQUEZ,
AND JOHN DOE APD OFFICERS
1-11,**

    **Defendants.**

**DEFENDANTS CITY OF ALBUQUERQUE AND "APD OFFICER H. MARQUEZ'S"
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT TO RECOVER
DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND RIGHTS UNDER THE
NEW MEXICO CONSTITUTION AND TORT CLAIMS ACT**

      **COME NOW** Defendants City of Albuquerque and "APD Officer H. Marquez" ("Defendants"), by and through their attorney, Managing City Attorney Kristin J. Dalton, and hereby submit their Answer to Plaintiff's First Amended Complaint to Recover Damages for Deprivation of Civil Rights and Rights Under the New Mexico Constitution and Tort Claims Act ("Amended Complaint"). Any allegation(s) not specifically admitted herein are denied.

**JURISDICTION AND VENUE**

      In response to the allegations contained in the unnumbered "**JURISDICTION AND VENUE**" paragraph of the Amended Complaint, Defendants affirmatively state that 42 U.S.C. § 1983, NMSA 1978, § 41-4-1, *et seq.*, and 28 U.S.C §§ 1331 and 1343 speak for themselves. The remainder of the allegations in the unnumbered "**JURISDICTION AND VENUE**" paragraph of the Amended Complaint contain legal conclusions for which Defendants are neither required to


admit or deny. To the extent that the remainder of the allegations therein contain factual allegations, they are denied.

## PARTIES

1. Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Amended Complaint, and therefore deny same and demand strict proof thereof.

2. In response to the allegations contained in Paragraph 2 of the Amended Complaint, Defendants admit that "Defendant APD Officer H. Marquez #5437" (hereinafter "Officer Marquez") is a law enforcement officer. The remainder of the allegations, if any, contained in Paragraph 2 of the Amended Complaint are legal conclusions to which no response is required. To the extent that the remainder of the allegations in Paragraph 2 contain factual allegations, they are denied.

3. The allegations contained in Paragraph 3 of the Amended Complaint are not directed at these Defendants and therefore no response is required. To the extent a response is deemed required, Defendants deny the allegations contained therein.

4. In response to the allegations contained in Paragraph 4 of the Amended Complaint, Defendants admit Defendant City of Albuquerque is a political subdivision of the State of New Mexico. The remainder of the allegations contained in Paragraph 4 of the Amended Complaint are legal conclusions to which no response is required. To the extent that the remainder of the allegations in Paragraph 4 contain factual allegations, they are denied.

## FACTUAL BACKGROUND

1. Defendants admit the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 1.

2. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 2, Defendants admit that the affidavit for search warrant delineated Officer Marquez's training and on the job experience, and previous and current assignments during his career with the Albuquerque Police Department ("APD"); Defendants affirmatively state that the affidavit speaks for itself. The remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 2 are legal conclusions to which no response is required. To the extent that the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 2 contain factual allegations, they are denied.

3. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 3, Defendants state that the affidavit for search warrant prepared and signed by Officer Marquez speaks for itself; Defendants deny any typo or altered words in Plaintiff's recitation and demand strict proof of the entirety of the document. The remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 3 are legal conclusions to which no response is required. To the extent that the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 3 contain factual allegations, they are denied.

4. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 4, Defendants admit that following the search warrant

being signed by the Bernalillo District Court Judge, Officer Marquez and other APD Officers gathered at 4729 Glendale Road NW, Albuquerque, NM 87105. The remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 4 are legal conclusions to which no response is required. To the extent that the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 4 contain factual allegations, they are denied.

5. Defendants are without sufficient information to admit or deny the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 5, and therefore deny same and demand strict proof thereof.

6. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 6, Defendants admit that APD issued orders to Plaintiff and had guns drawn in a low ready position. Defendants are without sufficient information to admit or deny the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 6, and therefore deny same and demand strict proof thereof.

7. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 7, Defendants admit that APD Officers searched Plaintiff's home, camper and garage. Defendants are without sufficient information to admit or deny the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 7, and therefore deny same and demand strict proof thereof.

8. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 8, Defendants admit that APD Officers allowed Plaintiff to put pants on. Defendants deny the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 8.

9. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 9, Defendants admit that Plaintiff was provided a copy of the search warrant, affidavit, inventory sheet, and the lock to his gate. Defendants deny the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 9.

10. Defendants are without sufficient information to admit or deny the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 10, and therefore deny same and demand strict proof thereof.

11. In response to the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 11, Defendants admit that Plaintiff left a message for Detective Marquez. Defendants are without sufficient information to admit or deny the remainder of the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 11, and therefore deny same and demand strict proof thereof.

12. The allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 12 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 12 contains factual allegations, they are denied.

13. Defendants are without sufficient information to admit or deny the allegations contained in the "Factual Background" portion of the Amended Complaint numbered Paragraph 13, and therefore deny same and demand strict proof thereof.

**FEDERAL CONSTITUTIONAL CLAIMS OF THE FIRST AND FOURTH AMENDMENT THAT APPLY TO ONLY DEFENDANT APD OFFICERS AND NOT THE CITY OF ALBUQUERQUE**

**COUNT I-UNREASONABLE SEIZURE (ARREST)**

14. Defendants answer Paragraph 14 by incorporating their answers to all allegations contained in Paragraphs 1 through 13 as if fully stated herein.

15. The allegations contained in Paragraph 15 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 15 contain factual allegations, they are denied.

16.-18. Defendants deny the allegations contained in Paragraphs 16 through 18 of the Amended Complaint.

19. The allegations contained in Paragraph 19 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 19 contain factual allegations, they are denied.

20. Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

**COUNT II-EXCESSIVE FORCE**

21. Defendants answer Paragraph 21 by incorporating their answers to all allegations contained in Paragraphs 1 through 20 as if fully stated herein.

22.     The allegations contained in Paragraph 22 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 22 contain factual allegations, they are denied.

23.     Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.-25. The allegations contained in Paragraphs 24 and 25 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 24 and/or 25 contain factual allegations, they are denied.

26.-27. Defendants deny the allegations contained in Paragraphs 26 and 27 of the Amended Complaint.

28.     The allegations contained in Paragraph 28 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 28 contain factual allegations, they are denied.

29.-30. Defendants deny the allegations contained in Paragraphs 29 and 30 of the Amended Complaint.

31. The allegations contained in Paragraph 31 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 31 contain factual allegations, they are denied.

## **COUNT III-ILLEGAL SEARCH**

32.     Defendants answer Paragraph 32 by incorporating their answers to all allegations contained in Paragraphs 1 through 31 as if fully stated herein.

33. The allegations contained in Paragraph 33 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 33 contain factual allegations, they are denied.

34. Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

**COUNT IV: RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHT OF FREEDOM OF SPEECH**

35. Defendants answer Paragraph 35 by incorporating their answers to all allegations contained in Paragraphs 1 through 34 as if fully stated herein.

36.-37. The allegations contained in Paragraphs 36 and 37 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 36 and/or 37 contain factual allegations, they are denied.

38.-39. Defendants deny the allegations contained in Paragraphs 38 and 39 of the Amended Complaint.

40.-41. The allegations contained in Paragraphs 40 and 41 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 40 and/or 41 contain factual allegations, they are denied.

42.-43. Defendants deny the allegations contained in Paragraphs 42 and 43 of the Amended Complaint.

**STATE CONSTITUTIONAL AND TORT CLAIMS**

**COUNT V: UNREASONABLE SEARCH AND SEIZURE**

44. Defendants answer Paragraph 44 by incorporating their answers to all allegations contained in Paragraphs 1 through 43 as if fully stated herein.

45.-46. The allegations contained in Paragraphs 45 and 46 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 45 and/or 46 contain factual allegations, they are denied.

## COUNT VI: PERSONAL INJURIES AND EXCESSIVE FORCE

47. Defendants answer Paragraph 47 by incorporating their answers to all allegations contained in Paragraphs 1 through 46 as if fully stated herein.

48.-49. The allegations contained in Paragraphs 48 and 49 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 48 and/or 49 contain factual allegations, they are denied.

50. Defendants deny the allegations contained in Paragraph 50 of the Amended Complaint.

## COUNT VII: FALSE IMPRISONMENT AND ARREST

51. Defendants answer Paragraph 51 by incorporating their answers to all allegations contained in Paragraphs 1 through 50 as if fully stated herein.

52. The allegations contained in Paragraph 52 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraph 52 contains factual allegations, they are denied.

## COUNT VIII: ASSAULT

53. Defendants answer Paragraph 53 by incorporating their answers to all allegations contained in Paragraphs 1 through 52 as if fully stated herein.

54. In response to the allegations contained in Paragraph 54 of the Amended Complaint, Defendants admit that Officer Marquez was armed. Defendants deny the remainder of the allegations contained in Paragraph 54 of the Amended Complaint.

55.-56. The allegations contained in Paragraphs 55 and 56 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that allegations contained in Paragraphs 55 and/or 56 contain factual allegations, they are denied.

## REQUEST FOR RELIEF

57. Defendants deny the allegations, if any, contained in the "WHEREFORE" section of the Amended Complaint, including sub-paragraphs 1 through 5.

58. Any allegation(s) that have not been specifically admitted herein by these Defendants are hereby denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state one or more claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants' immunity has not been waived under the New Mexico Tort Claims Act. Defendants are immune from any of the alleged operable acts of negligence pursuant to NMSA 1978, § 41-4-1, *et seq.* of the New Mexico Tort Claims Act.

## THIRD AFFIRMATIVE DEFENSE

The claims, and potential claims, asserted by Plaintiff are barred and/or limited by the provisions of the New Mexico Tort Claims Act.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries or losses, if any, were proximately caused by the negligence, intentional misconduct, or other fault of Plaintiff and/or a third person for which these Defendants are not liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were due to an independent, intervening cause rather than due to any fault on the part of Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages, if such damages were, in fact, incurred.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants breached no duty owed to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff failed to exercise ordinary care and such failure proximately caused the injuries and damages claimed.

**NINTH AFFIRMATIVE DEFENSE**

Defendants' activities were lawful, in good faith and in the proper exercise of governmental functions.

**TENTH AFFIRMATIVE DEFENSE**

Defendants are entitled to all defenses available under the New Mexico Tort Claims Act and/or the laws of the State of New Mexico.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff failed to join persons needed for just adjudication pursuant to Rule 1-019 NMRA.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants did not commit a clearly established constitutional violation.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants affirmatively state that Plaintiff's claims do not provide a basis for a punitive damage award and punitive damages are prohibited under the New Mexico Tort Claims Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants' actions were objectively reasonable under the circumstances, done in good faith and with probable cause and a warrant, and therefore, Defendants are entitled to qualified immunity.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants did not arrest and were therefore not substantially motivated in an arrest due to Plaintiff exercising his First Amendment rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reasonably relied on a facially valid arrest order.

## SEVENTEENTH AFFIRMATIVE DEFENSE

An award of pre-judgment interest is not allowed against a municipality, pursuant to the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1, *et seq*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

An award of post-judgment interest is not allowed against Defendants under the facts alleged.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to include additional affirmative defenses identified or discovered as this matter proceeds.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b)(1), Defendants demand a trial by jury on all claims and issues raised in Plaintiff's Amended Complaint, as allowed by law.

**WHEREFORE**, having fully answered, Defendants request an Order of this Court dismissing Plaintiff's Amended Complaint in its entirety, assessing Defendants' costs to Plaintiff, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**CITY OF ALBUQUERQUE**
Lauren Keefe, City Attorney

/s/ *Kristin J. Dalton*
Kristin J. Dalton
Managing City Attorney
P.O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500 / F: (505) 768-4505

*Attorney for Defendants City of Albuquerque and "APD Officer H. Marquez"*

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was filed and served via the Court's CM/ECF system to the following:

Shavon M. Ayala, Esq.
601 Parkside Place SE
Albuquerque, NM 87123
(505) 344-0401 / F: (505) 268-2997
nmlawyerayala@gmail.com

*Attorney for Plaintiff*

on this 26th day of April, 2023.

/s/ *Kristin J. Dalton*
Kristin J. Dalton, Managing City Attorney